### ABRAHAM J. STAATS v. ZACCHEUS BERGEN.

A declaration alleged, that whereas the defendant, by a certain bond, did recite that he held a bond and mortgage given by J. A. S. to him, as trustee, to be appropriated by the defendant to the support of one M. S. during her life, and to pay the residue that might remain in his hands to the plaintiff.

*Held* that a plea averring that the land covered by the mortgage has been sold, and all its proceeds absorbed by prior encumbrances, was a good defence.

In debt. On demurrer to declaration.

Argued at June term, 1862, before the Chief Justice, and Justices VREDENBURGH and VAN DYKE.

For the plaintiff, *S. B. Ransom.*

For the defendant, *J. W. Dilts.*

CHIEF JUSTICE. The question raised by this demurrer is, whether the defendant is absolutely bound by the bond which he executed as trustee to pay the amount mentioned in a bond and mortgage, assigned to him as such trustee, at all events, or only such moneys as he might receive and collect thereon without default on his part.

The condition of the bond recited that the defendant held a bond and mortgage, given by John A. Staats and Anne his

wife on a farm in Bridgewater township, Somerset county, to secure the sum of $333.33, with interest, as trustee, to be appropriated by the defendant to the support of one Mary Staats, as far as might be necessary during her natural life, and to the payment of her funeral expenses, and to pay the residue that might remain in his hands to James B. Staats, his heirs or assigns.

The declaration does not aver that he ever received or might have received the money on the bond and mortgage, or any part of it, and avers the death of Mary Staats soon after, before any part of the money had been appropriated for her, and the nonpayment of money to the assignee of James B. Staats.

The plea demurred to alleges the appropriation of the money, so far as was necessary, for Mary Staats; that after her death there was no residue of the money mentioned in the mortgage as remaining in the defendant's hands, all that had been or could be collected having been appropriated for Mary Staats' use or her funeral expenses; and that the defendant had not, and never had any residue of the moneys secured by the bond remaining in his hands.

Upon the pleadings, it is admitted that all that had been or could be collected on the bond and mortgage had been appropriated to the support of Mary Staats and to the payment of her funeral expenses; and that the defendant had not, and never had any residue of the moneys secured by the bond in his hands.

The bond binds defendant, in substance and effect, to appropriate a bond and mortgage, held by him as trustee, to the support and funeral expenses of Mary Staats, and to pay the residue that might remain in his hands to James B. Staats, his heirs and assigns.

It is not a bond to appropriate the sum of $333.33 in consideration of his holding the bond and mortgage as trustee, but to appropriate *the bond* and *mortgage:* that could not be done unless it was collected and received; he held the bond and mortgage as trustee, not the money. If the bond and

mortgage was valueless, his agreement was impossible of performance, and he was excused.

There is an implied covenant to collect the money, if possible, on the bond and mortgage, and apply it to the purposes of the trust. That is implied by the word appropriate.

As it appears by the record that the money was never collected, and never could be, and that without any default of the trustee, there must be judgment for the defendant.

VREDENBURGH, J. This was an action of debt. The declaration alleges, that whereas the defendant, on the 31st of October, 1860, by a certain bond, did recite and witness that he held a bond and mortgage, given by John A. Staats, on a farm in Bridgewater, to secure the sum of $333.33, with interest thereon, as trustee, to be appropriated by the defendant to the support of one Mary Staats, so far as it might be necessary during her natural life, and to the payment of her funeral expenses, and that he, the defendant, by the said bond, promised to pay the residue that might remain in his hands to the plaintiff within one year after the decease of said Mary, and avers that Mary Staats died on 14th February, 1861, before the said defendant had expended any part of the $333.33 for the support of the said Mary.

To this the defendant has pleaded, in substance, that before this suit was brought the premises on which the mortgage was, had been sold by prior encumbrancers, and did not bring enough to pay them off, and that he has realized nothing, and can realize nothing from said bond and mortgage.

To this the plaintiff has demurred. Whenever there is a demurrer to a plea, we may inquire if the declaration discloses a legal cause of action. In this case I think it does not. It merely shows that the defendant held a bond and mortgage upon certain trusts. There is nothing to show that he intended to make himself personally liable for the amount of money secured by the mortgage, but only that he would perform the trusts; that he would appropriate so much of the mortgage as he should receive or realize—first,

for the support of Mary Staats; second, to pay the expenses of her funeral; and third, pay over the balance he should realize to the plaintiff.

The language of the bond is "pay the residue that might remain in his hands to the plaintiff," not pay the whole money secured by the mortgage, but the residue that might remain in his hands. If none could be collected on the mortgage nothing remained. In order to have made the dec-laration good, it should have averred that the defendant had either collected the money on the bond and mortgage, or by due diligence might have collected the same.

But whether the declaration be good or not, the plea and the notice clearly raise a good defence. It is not the inten-tion of the instrument that the defendant should be abso-lutely liable for the money secured by the bond and mort-gage.

The demurrer should be overruled.

VAN DYKE, J.   I do not think the plea demurred to in this case is double, within the legal meaning of that term, to the extent of making it bad. The latter part of the plea, which is supposed to give it a double aspect, does not raise any new matter, but is a kind of repetition of what is before stated. The plea is good, I think, without it, and it may be rejected as surplusage.

The plea avers that, before the commencement of the suit, the defendant had appropriated all the money that had been, or that could have been, or that can be collected on the bond and mortgage referred to, to the support of the said Mary Staats and to the payment of her funeral expenses. If he did this, I think it should operate as a defence to this suit.

The defendant held these papers as a mere trustee, and the paper on which the action is brought is but a declaration of trust showing how the moneys supposed to be secured by the bond and mortgage were to be used and paid by him; and although the language of the latter clause of that in-strument is strong, binding himself by an express promise

to pay to the plaintiff and his heirs and assigns all of the residue which should remain in his hands, yet it will be observed that this strong language only applies to such residue as should *remain in his hands*, that is such residue as he had or might have collected; but if he has appropriated all the money that he could by possibility have collected on the bond and mortgage to the support of his *cestui que trust* and to her funeral expenses, so that there cannot be and could not have been any residue in his hands at any time, he has fully discharged the duties of his trust, and can no longer be held responsible. As a mere trustee, it cannot be supposed that he was to pay over any money to any party that he never received, and which no effort of his could have enabled him to collect.

I think, therefore, the plea is good, and the demurrer should be overruled.

*Judgment for defendant.*